IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| **Lawrence Sykes,** | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 1:13cv1474 (LO/JFA) |
| | ) | |
| **Harold W. Clarke,** | ) | |
|     Respondent. | ) | |

<u>MEMORANDUM OPINION AND ORDER</u>

Lawrence Sykes, a Virginia inmate proceeding <u>pro se</u>, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his conviction of aggravated malicious wounding in the Circuit Court of the County of Greensville. By Order dated December 3, 2013, the petition was conditionally filed, petitioner was advised that the petition appeared to be time-barred, and he was provided an opportunity to establish that the statute of limitations does not apply or should be tolled. See <u>Hill v. Braxton</u>, 277 F.3d 701, 707 (4th Cir. 2002) (requiring notice and the opportunity to respond before a <u>sua sponte</u> dismissal under § 2244(d)). Petitioner also was informed that the claims appeared to be procedurally defaulted, and he was allowed thirty (30) days within which to show cause why the petition should not be barred from federal review on that basis. On January 7, 2014, petitioner filed a response and several exhibits. After careful consideration of these submissions, this petition must be dismissed as barred by the statute of limitations.

A petition for a writ of habeas corpus must be dismissed if filed later than one year after (1) the judgment becomes final; (2) any state-created impediment to filing a petition is removed; (3) the United States Supreme Court recognizes the constitutional right asserted; or (4) the

factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). In the instant case, petitioner was convicted and sentenced on June 10, 2010. Pet. at 1. Petitioner filed a direct appeal in the Virginia Court of Appeals, which denied his petition for appeal on May 4, 2011. See Sykes v. Commonwealth, R. No. 2302-10-2 (Va. Ct. App. May 2, 2011). A motion for rehearing was denied on June 3, 2011.[1] Because petitioner did not seek further review by the Supreme Court of Virginia, his conviction became final thirty (30) days later, on July 3, 2011, when the time for noticing an appeal to the Supreme Court of Virginia expired. See Va. Sup. Ct. R. 5A:6(a).

In calculating the AEDPA limitations period, the Court generally must exclude the time during which state collateral proceedings pursued by petitioner were pending. See 28 U.S.C. § 2244(d)(2); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (determining that the definition of "properly filed" state collateral proceedings, as required by § 2244(d)(2), is based on the applicable state law as interpreted by state courts). Here, however, petitioner did not commence his first postconviction proceeding until May 30, 2013, when he filed an application for a writ of habeas corpus in the Supreme Court of Virginia. Pet. at 4. Since by then over twenty-two (22) months had elapsed since the AEDPA grace period ended, the pendency of a state action could no longer toll the limitations period. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (holding that a state postconviction motion filed after expiration of the limitations period cannot toll the period, because there is no period remaining to be tolled); Rashid v. Khulmann, 991

---

[1] The date of the denial of rehearing was obtained at the Virginia Courts Case Information website.

F.Supp. 254, 259 (S.D.N.Y. 1998) ("Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations."). Accordingly, this petition is untimely under § 2244(d), unless petitioner can establish that the statute of limitations does not apply or should otherwise be tolled.

In response to the Order of December 3, petitioner argues that his attorney violated the Virginia Rules of Professional Conduct by "declining" to represent petitioner "further" on direct appeal, and then failing to inform petitioner of the time limits for seeking state and federal habeas corpus relief. Dkt. 5. In addition, petitioner points out that he is an "uniformed [sic] unskilled pro se litigant" of whom "stick [sic] adherence" should not be required. Id. at 2.

Attached to petitioner's response are several exhibits. They reflect that on December 16, 2010, Ronnie C. Reaves, Esquire addressed a letter to petitioner, informing him in relevant part as follows:

> After the sentencing hearing, I gave notice of appeal to the Court of Appeals for Virginia. I was appointed by the Court to prepare and file the Petition for Appeal. I have prepared the Petition on Appeal and am enclosing a copy of the Petition for Appeal with this letter. I am this day filing this Petition for Appeal with the Court of Appeals and am enclosing a copy to you. I am also enclosing copies of the trial proceedings in the case.
>
> After reviewing the transcript and other documents in your case, I am of the opinion that there was no error committed by the Court in the hearing and trial of your case before the Court.
>
> Under law, I am required to forward to you a copy of the of the Petition on Appeal to you. [sic] In that I am of the opinion that there was no error committed by the Court in the hearing and trial of your case, you are given the right to file a Petition for Appeal on your own behalf with the Court. I am therefore, as required by the Rules of the Court, sending you a copy of the Petition on Appeal which In filed in your case. I am also required to file a motion allowing me to withdraw from your case and a motion for additional time to allow to

3

> file [sic] a supplemental petition for appeal.
>
> The reason that the motions to withdraw and motion for extension of time are filed is give you time to file, on your own behalf, a supplemental petition for appeal. If the motion is granted allowing me to withdraw, I will no longer be representing in the matter. [sic]

Dkt. 5, Ex. 3. On January 13, 2011, counsel addressed a second letter to petitioner which duplicated the foregoing correspondence and enclosed a revised petition for appeal. Dkt. 5, Ex. 2.

On January 25, 2011, the Court of Appeals of Virginia granted petitioner an extension of time until February 9, 2011 to file a pro se supplemental petition for appeal. Dkt. 5, Ex. 1. Apparently petitioner elected not to do so, however, because on May 4, 2011, the Court of Appeals of Virginia denied the petition for appeal and granted counsel's motion for leave to withdraw. Sykes v. Commonwealth, R. No. 2302-10-2 (Va. Ct. App. May 4, 2011); Dkt. 5, Ex. 4. In its opinion, the appellate court noted that "[a] copy of the this brief [by counsel] has been furnished to appellant with sufficient time for appellant to raise any matter that appellant chooses." Id., slip op. at 1. On June 3, 2011, the appellate court denied petitioner's motion to set aside the judgment and grant rehearing. Dkt. 5, Ex. 5.

On July 19, 2012, a letter was addressed to petitioner by the Chief Deputy Clerk of the Supreme Court of Virginia. After thanking petitioner for his "recent" letter concerning the case, the Clerk informed petitioner that there was no record of his having filed an appeal to the Supreme Court of Virginia. Thus, on July 15, 2011, "we certified this Court's May 4, 21011 and June 3, 2011 orders and returned your record to the trial court. Accordingly, this Court no longer has jurisdiction over your case and cannot advise you as to how you might consider proceeding at this point." Dkt. 5, Ex. 6.

While petitioner does not use the term, it appears that he intends to argue that he is

4

entitled to equitable tolling of the limitations period. The United States Supreme Court has established that equitable tolling is applicable to the § 2244(d)(2) limitations period. See Holland v. Florida, ___ U.S. ___, 130 S.Ct. 2549 (2010) ("Now, like all 11 Courts of Appeals that have considered the question, we hold that § 2244 (d) is subject to equitable tolling in appropriate cases."). It has been settled in this circuit for some time that § 2244(d) may be subject to equitable doctrines such as tolling under very limited circumstances. See Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003); Harris v. Hutchinson, 209 F.3d 325, 328-29 (4th Cir. 2000). Importantly, however, as the Fourth Circuit Court of Appeals has warned, invocations of equity

> ... to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individual hardship supplant the rules of clearly drafted statutes.... We believe, therefore, that any resort to equity must be reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Rouse, 339 F.3d at 246. For equitable tolling to apply, therefore, a petitioner must establish that (1) extraordinary circumstances, (2) beyond his control and external to his own conduct (3) prevented him from filing on time. Id. On the other hand, it is settled that a petitioner's own lack of diligence in pursuing his federal remedy generally acts to negate the application of equitable tolling. See Spencer v. Sutton, 239 F.3d 626, 630 (4th Cir. 2001).

Petitioner's argument that he is entitled to equitable tolling of the limitations period based on his counsel's asserted shortcomings is unpersuasive. As petitioner's exhibits demonstrate, counsel clearly explained to petitioner in two separate letters that he would no longer be acting as petitioner's representative if his motion to withdraw was granted. The motion was granted on

May 4, 2011, and petitioner's motion for rehearing of that decision was denied on June 3, 2011. It appears that petitioner thereafter took no action for over a year, when he wrote in July, 2012 to the Supreme Court of Virginia to inquire if an appeal was pending before that tribunal. Although the Clerk informed petitioner by letter dated July 19, 2012 that no appeal had been filed in that Court, petitioner nonetheless waited over ten months, or until May 30, 2013, to file an application for a writ of habeas corpus. Pet. at 4. Under these circumstances, even if petitioner had presented a persuasive argument that counsel failed to represent petitioner in a professional manner, petitioner's own lack of diligence still would preclude his entitlement to equitable tolling. Spencer, 239 F.3d at 630.

To the extent that petitioner also suggests that his status as a layman at law should entitle him to equitable tolling, that argument has been uniformly rejected not only by the Fourth Circuit, United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling."), but also by virtually every court that has considered it. See, e.g., Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003) ("[E]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted."); United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002) ("[A] petitioner's own ignorance or mistake does not warrant equitable tolling ...."); Delaney v. Matesanz, 264 F.3d 7, 15 (1st Cir. 2001) (rejecting the argument that a pro se prisoner's ignorance of the law warranted equitable tolling); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) (same). Petitioner in this case further has failed to demonstrate that it "would be unconscionable to enforce the limitation period against [him or that] gross injustice would result," Rouse, 339 F.3d at 246, and he neither suggests nor offers evidence sufficient to establish that he is actually innocent of the offense for which he was

6

convicted. See Schulp v. Delo, 513 U.S. 298, 327 (1995); Royal v. Taylor, 188 F.3d 239, 244 (4th Cir. 1999). Accordingly, this petition is time-barred from federal consideration, and must be dismissed. Because the petition is subject to dismissal on that basis, the Court need not address the apparent procedural default of petitioner's claims.

Accordingly, it is hereby

ORDERED that this petition be and is DISMISSED, WITH PREJUDICE, as time-barred.

This is a final order for purposes of appeal. To appeal, petitioner must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order. A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order petitioner wants to appeal. Petitioner need not explain the grounds for appeal until so directed by the court. Petitioner must also request a certificate of appealability from a circuit justice or judge. See 28 U.S.C. § 2253 and Fed. R. App. P. 22(b). For the reasons stated above, this Court expressly declines to issue such a certificate.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to petitioner and to close this civil action.

Entered this 6th day of February, 2014.

Alexandria, Virginia

/s/
James C. Cacheris
United States District Judge